# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.T., A MINOR, BY CLEMENSTINE SMITH, GUARDIAN | CIVIL ACTION |
| v. | NO.  17-4463 |
| DELAPLAINE MCDANIEL SCHOOL, ET AL., | |

## MEMORANDUM RE: MOTION TO DISMISS

Baylson, J.                                                February 26, 2018

      In this case, Plaintiff C.T., a minor, through his guardian Clemenstine Smith, alleges that Gerald Sanders, the Climate Manager for Conflict and Disciplinary Issues at the Delaplaine McDaniel School ("McDaniel School"), physically assaulted him on school grounds, during school hours.  C.T. brings Pennsylvania common law assault, battery, and intentional infliction of emotional distress claims, as well as 1983 claims against Mr. Sanders, as well as the McDaniel School, the Philadelphia School District, and Lachante Collier-Bacon, who is the Principal of the McDaniel School.  Presently before the Court is a Motion to Dismiss Counts III and IV of C.T.'s Complaint for failure to state a claim for which relief can be granted, filed by Defendants the School District, the McDaniel School, and Mr. Collier-Bacon.

## I.     Factual and Procedural History

      Taking C.T.'s allegations as true, the factual background is as follows.  Plaintiff C.T., a minor, was born in 2003.  ECF No. 1, Compl. ¶ 1.  Defendant Delaplaine McDaniel School is a Philadelphia public elementary school within the domain of Defendant School District of Philadelphia.  Id. ¶¶ 2-3.  Defendant Lachante Collier-Bacon is the Principal of the McDaniel School.  Id. ¶ 4.  Defendant Gerald Sanders is the Climate Manager for Conflict and Disciplinary Issues at the McDaniel School.  Id. ¶ 5.

The following facts are alleged. On February 27, 2017, while on school grounds at the McDaniel School and during school hours, Sanders, acting in the course of his employment with the McDaniel School, physically assaulted C.T. Compl. ¶ 7. Defendant Sanders choked, punched, poked, and grabbed C.T. causing serious bodily injury, severe pain, extreme fright, humiliation, and emotional distress. Id. Sanders engaged in this conduct without justification and without provocation. Id. ¶ 8. Investigation has revealed prior instances of Sanders unlawfully physically assaulting minor students, and has revealed that Collier-Bacon, the McDaniel School, and the School District had knowledge of this history. Id. ¶ 9. Despite this knowledge, Defendants failed to take appropriate action, and rather took action to cover up the behavior and punish the victims. Id.

On July 25, 2017 C.T., through his guardian Clemenstine Smith, filed a Complaint in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania. ECF No. 1, Ex. A. The Complaint includes four Counts:

I.    Violations of Pennsylvania common law: (a) Assault, (b) Battery, (c) Intentional Infliction of Emotional Distress (Defendant Sanders only);

II.   Violation of 42 U.S.C. § 1983 for depriving C.T. of his rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution (Defendant Sanders only);

III.  Vicarious liability for Sanders' violations of Pennsylvania common law: (a) Assault, (b) Battery, (c) Intentional Infliction of Emotional Distress (Defendants Collier-Bacon, the McDaniel School, and the School District); and

IV.   Violation of 42 U.S.C. 1983 for violating C.T.'s rights under the First and Fourteenth Amendments to the United States Constitution (Defendants Collier-Bacon, the

McDaniel School, and the School District).

Defendants Collier-Bacon and Sanders removed the case to this Court on October 5, 2017, with consent of Defendants McDaniel School and the School District. On November 20, 2017 Defendants the McDaniel School, the School District, and Collier-Bacon filed a Motion to Dismiss for Failure to State a Claim on October 23, 2017 (ECF No. 2) and Plaintiff responded (ECF No. 9).

## II.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must

plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## III.    Discussion

### A.  Parties' Contentions

With respect to both claims against the McDaniel School, Defendants argue that because the school is a sub-unit of the School District of Philadelphia it is not capable of being sued. The School District is a local agency with a corporate identity that can sue and be sued; sub-units of such local agencies do not exist as independent corporations and therefore cannot be sued. Def.'s Mot. at 5. [1]

With respect to the state law tort claims, Defendants argue that both the School District and Collier-Bacon are immune from liability under The Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–8564, which grants immunity from tort claims to political subdivisions and their employees. Def.'s Mot. at 5. Defendants further argue that the conduct alleged does not fall into one of the eight named exceptions included in the statute. Def.'s Mot. at 6-7.

With respect to Count IV, Defendants argue that the Complaint is lacking in the level of factual detail necessary to properly plead a Monell claim against the School District and Collier-Bacon. Def.'s Mot. at 7. Specifically, the Complaint fails to allege any facts regarding the "prior instances" of assault by Defendant Sanders, and fails to allege any facts regarding the knowledge Defendants the School District and Principal Collier-Bacon had about those instances or their response thereto. Def.'s Mot. at 9.

Plaintiff responds only to Defendants' argument regarding Count IV. Plaintiff reiterates his allegations from the Complaint that there was "a custom and practice at the defendant school

---

[1] Because there are no page numbers in Defendants' Motion, the references to that document in this Memorandum are to the ECF page numbering.

allowing Sanders to physically abuse students and not disciplining Sanders or taking measures to stop this practice," and that "[t]here was knowledge of the practice by the policy maker of the school and there was a failure to take reasonable steps to prevent it re-occurring, ultimately resulting in Plaintiff's injuries."  Pl.'s Br. in Opposition to Def.'s Mot. to Dismiss at 4.  Plaintiff urges that these allegations are sufficient to make out a <u>Monell</u> claim at the pleading stage. Specifically, he argues that this is enough to state a policy or custom on the part of Defendants, which causes the identified Constitutional violations.  <u>Id.</u>

The Court will take each of Defendant's arguments in turn.

### B. Analysis

#### i. Claims Against The McDaniel School

Section 2-211 of Pennsylvania's Public School Code establishes that "[t]he several school districts in this Commonwealth shall be, and hereby are vested as, bodies corporate."  P.S. § 2-211.  Case law is not entirely clear on whether an individual school within the school district can be sued.  Defendants rely on two cases for the proposition that sub-units of municipal agency corporations, including an individual school within the School District, do not exist as an independent corporate entity and therefore cannot be sued.  These cases do not establish precisely that point, however.  In <u>Smith v. Warwick School Dist.</u> the court dismissed claims against a School District Board of Directors because it is not a political subdivision that exists independently from the School District itself.  <u>Smith v. Warwick School Dist.</u>, 2016 WL 3854586, 1 (E.D. Pa. July 8, 2016).  In <u>Glickstein v. Neshaminy School Dist.</u> the court looked to Pennsylvania Rule of Civil Procedure 2102(b), which at the time stated that "[a]n action may be brought by or against a political subdivision in its name," and held that because the definition of "political subdivision" does not include a public school board of directors "it follows that a board

of school directors is not generally amenable to suit as such under Pennsylvania law." <u>Glickstein v. Neshaminy School Dist.</u>, 1997 WL 660636, *3 (E.D. Pa. Oct. 22, 1997).

While the present case presents a different issue—the Defendant is not a school board of directors, but rather an individual school—the analysis appears to be the same. Individual schools, like school boards of directors, are excluded from the definition of "political subdivision," which is limited to the following: "any county, city, borough, incorporated town, township, school district, vocational school district, country institution district or municipal or other local authority." Pennsylvania Rule of Civil Procedure 76. In addition to <u>Smith</u> and <u>Glickstein,</u> Courts have routinely dismissed claims against sub-units of municipal government entities, on the basis that under the Pennsylvania rules of procedure they are unnecessary parties or completely incapable of being sued for lack of an independent corporate identity. <u>Johnson v. City of Erie, Pa.</u>, 834 F.Supp. 873 (W.D. Pa. 1993) (dismissing claims against a municipal police department because it is a sub-unit of the city government, lacking a separate corporate identity, and therefore is "an improper and unnecessary party."); <u>Monastra v. Delaware County Sheriff's Office</u>, 49 A.3d 556, 558 (Pa. Cmmw. 2012) (affirming dismissal of claims against Police Department and Sheriff's Office because Plaintiffs "should have filed [the] action against the political subdivisions, not the sub-units."); <u>City of Philadelphia v. Glim</u>, 613 A.2d 613, 616 (Pa. Cmmw. 1992) (dismissing claims against city Fire Department because "the Department may not be sued as though it were a legal entity separate from the City.").

The language from Rule 2102(b) that the <u>Glickstein</u> court referred to has since changed, but only very slightly, to its current version: "An action shall be brought by or against a political subdivision in its name." Pennsylvania Rule of Civil Procedure 2102(b). Because an individual public school is not included in the Rule 76 definition of "political subdivision," there does not

appear to be any authority which would support a suit against the McDaniel School. Plaintiff has not offered any argument whatsoever to the contrary. The claims against the McDaniel School included in Counts III and IV will be dismissed with prejudice.

### ii. The School District's and Collier-Bacon's Immunity under The Political Subdivision Tort Claims Act

The Pennsylvania Political Subdivision Tort Claims Act provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. As a local agency, the School District is protected by this Act, as is Principal Collier-Bacon, as an employee of a local agency. There are eight exceptions to this immunity from liability, none of which covers the type of allegations made in this case. 42 Pa.C.S. § 8522(b). Plaintiff has not offered any argument to rebut Defendant Collier-Bacon's and the Defendant School District's assertion of immunity. The state tort law claims against these two Defendants in Count III will be dismissed, with prejudice.

### iii. Viability of <u>Monell</u> Claim Against the School District and Principal Collier-Bacon

Count IV asserts that the School District, the McDaniel School, and Collier-Bacon are liable under Section 1983 for violating Plaintiff's Constitutional rights, including First and Fourteenth Amendment violations. Because this Court has already concluded that the claims against the McDaniel School are not proper, we need only now consider the viability of the <u>Monell</u> claim against the School District and Principal Collier-Bacon. In order to establish municipal liability under § 1983 a Plaintiff must prove that "the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the

governing body or informally adopted by custom." <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971

(3d Cir. 1996) (citing <u>Monell v. Dep't of Social Servs. New York City</u>, 436 U.S. 658 (1978)).

The Third Circuit has referred to this as a "two-path track" to <u>Monell</u> liability, established either

as a policy or as a custom:

> A government policy or custom can be established in two ways. Policy is made
> when a 'decisionmaker possessing final authority to establish a municipal policy
> with respect to the action' issues an official proclamation, policy, or edict. A
> course of conduct is considered to be a 'custom' when, though not authorized by
> law, 'such practices of state officials are so permanently and well-settled' as to
> virtually constitute law.

<u>McTernan v. City of York, PA</u>, 564 F.3d 636, 657-8 (3d Cir. 2009) (quoting <u>Andrews v. City of</u>

<u>Philadelphia</u>, 859 F.2d 1469, 1480 (3d Cir. 1990)). Custom also requires "proof of knowledge

and acquiescence by the decisionmaker." <u>Id.</u> at 658.

Plaintiff offers scant factual allegations in making out his <u>Monell</u> claim. He alleges that

"[i]nvestigation has revealed prior instances of Defendant Sanders unlawfully physically

assaulting minor students in the course of his duties as school disciplinarian." Compl. ¶ 9. He

adds that "Defendants Bacon, McDaniel School and School District had knowledge and notice of

a custom and practice at the McDaniel School of the disciplinary staff, particularly Defendant

Sanders, physically abusing and assaulting minor students at the school on school grounds," that

"[d]espite this knowledge and notice, [Defendants] failed to take reasonable steps to actions [sic]

to stop this custom and practice," and finally that these Defendants "substantially caused the

aforementioned custom and practice by failing to properly train, monitor, oversee, supervise and

discipline the offending staff members, and instead covered up the unlawful activities and

punished and retaliated against the student-victims for trying to speak out against the unlawful

activities." Compl. ¶¶ 30-32.

The Complaint fails to detail any particularized facts regarding the alleged "prior

instances" of Sanders physically assaulting students, the knowledge that Defendants Collier-Bacon, the McDaniel School, and the School District allegedly had about Sanders having committed violence against students prior to the incident with C.T., or the alleged instances of student-victims attempting to "speak out" and facing punishment and retaliation from this group of Defendants as a result. These missing factual allegations are central to Plaintiff's allegation that there was a "custom or practice" of violence by Sanders within the McDaniel School. Plaintiff's failure to allege more than a simple recitation of the standard for pleading a <u>Monell</u> claim, and generic examples of what might fit that standard, is fatal to Count IV. <u>Wood v. Williams</u>, 568 Fed. Appx. 100, 104 (3d Cir. 2014) (affirming dismissal of a <u>Monell</u> claim because the Complaint included only "conclusory and general claims of failure to screen, train, or supervise employees to avoid constitutional violations."); <u>McTernan v. City of York, PA</u>, 564 F.3d 636, 658-659 (3d Cir. 2009) (affirming the dismissal of a <u>Monell</u> claim because the complaint failed to include sufficiently specific allegations regarding a custom or policy, and therefore "g[ave] no notice as to the Defendants' improper conduct."). Plaintiff will have an opportunity to attempt to provide this Court with additional facts in order to make out this claim. The claims against the School District and Principal Collier-Bacon in Count IV will be dismissed without prejudice, with leave to amend.

### IV.   Conclusion

Defendant's Motion will be granted.

Count III is dismissed in its entirety with prejudice, because the McDaniel School is not a proper Defendant, and the School District and Principal Collier-Bacon are immune from tort liability in this situation pursuant to The Pennsylvania Political Subdivision Tort Claims Act.

The claim against the McDaniel School in Count IV is dismissed with prejudice. The

claims against the School District and Principal Collier-Bacon in Count IV are dismissed without prejudice, with leave to amend.

Defendants do not seek dismissal of Counts I and II, which claims will proceed.

O:\CIVIL 17\17-4463 C.T. v Delaplaine McDanieL Sch\17cv4463 Memorandum 02262018.docx