**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **C.T., a Minor, by CLEMENSTINE SMITH, Guardian**<br><br>v.<br><br>**DELAPLAINE MCDANIEL SCHOOL, et al.** | **CIVIL ACTION**<br><br>**NO. 17-4463** |

**Baylson, J.**                                                                                                       **March 13, 2019**

### MEMORANDUM RE: MOTION FOR NEW TRIAL

I.   **Introduction**

In this case, Plaintiff C.T., a minor, through his guardian, Clemenstine Smith, alleges that Gerald Sanders ("Defendant"), the Climate Manager for Conflict and Disciplinary Issues at the Delaplaine McDaniel School ("the McDaniel School"), physically assaulted him on school grounds, during school hours. On January 8, 2019, following a two-day jury trial and the entry of judgment in favor of Defendant, Plaintiff filed a Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59. (ECF 60, "Mot.")[1] For the reasons discussed below, the Motion is denied.

II.  **Factual Background**

As this Court has discussed the facts of this case in detail in a prior opinion (see ECF 14), the Court does not repeat them here and briefly summarizes the underlying facts relevant to the Motion for a New Trial. Plaintiff alleges that on February 27, 2017, while on school grounds at the McDaniel School and during school hours, Defendant, acting in the course of his employment with the McDaniel School, physically assaulted Plaintiff. (ECF 1, "Compl." ¶ 7.) Defendant allegedly choked, punched, poked, and grabbed Plaintiff, causing serious bodily injury, severe

---

[1] The Minute Sheets documenting the trial proceedings are available at ECF 55, 56. The audio recordings of the trial are available at ECF 65, 66, and 67.

pain, extreme freight, humiliation, and emotional distress. (Id.) Defendant engaged in this conduct without justification or provocation. (Id. ¶ 8.)

### III. Procedural History

On July 25, 2017, C.T., through his guardian, Clemenstine Smith, filed a Complaint in the Court of Common Pleas of Philadelphia County (ECF 1, Ex. A). The Complaint alleged four Counts: (1) Assault, battery, and intentional infliction of emotional distress under Pennsylvania law against Defendant Sanders; (2) Violation of 42 U.S.C. § 1983 by depriving C.T. of his Due Process and Equal Protection rights under the Fourteenth Amendment to the United States Constitution against Defendant Sanders; (3) Vicarious liability for Sanders's violations of Pennsylvania common law against Lochier Collier-Bacon, the Principal of the McDaniel School; the Philadelphia School District; and the McDaniel School; and (4) Violation of 42 U.S.C. § 1983 by depriving C.T. of his rights under the First and Fourteenth Amendments to the United States Constitution against Defendants Collier-Bacon, the Philadelphia School District, and the McDaniel School.

On October 6, 2017, Defendants Collier-Bacon and Sanders, with the consent of the McDaniel School and the Philadelphia School District, removed the case to this Court (ECF 1). The McDaniel School, the Philadelphia School District, and Collier-Bacon filed a Motion to Dismiss Counts III and IV on October 23, 2017 (ECF 2). The Court dismissed Count III in its entirety, with prejudice, and dismissed Count IV as to the McDaniel School, with prejudice, and as to the Philadelphia School District and Collier-Bacon, without prejudice, and with leave to amend (ECF 15).

The only remaining Defendant, Sanders, filed a Motion in Limine to exclude the evidence and expert testimony of Janet Horwitz, Psy.D on July 17, 2018 (ECF 23). Also on July 17, 2018,

2

Plaintiff filed a Motion in Limine to exclude the Department of Human Services ("DHS") Unfounded Child Abuse Determination Letter ("DHS Report") and the District Attorney's Office's Letter Disapproving Charges (ECF 24).  On September 13, 2018, the Court held a pre-trial hearing, during which the Court invited Plaintiff to submit a limiting instruction on the DHS Report.  (ECF 35; ECF 62, "Resp." at 2.)[2]  Following the hearing, the Court issued an Order ruling that the DHS Report was admissible and requiring the parties to submit points for charge and proposed jury verdict forms by October 1, 2018 (ECF 37).

Jury selection was held on December 6, 2018, and a jury of eight was impaneled (ECF 54). Trial began on December 10, 2018 and concluded on December 11 (ECF 55, 56).  During the trial, the jury heard from eight live witnesses, as well as the video testimony of Dr. Steven Mechanick, Defendant's expert witness.  (Resp. at 2.)[3]  The jury's verdict was in favor of Defendant (ECF 57).

On January 8, 2019, Plaintiff filed a Motion for a New Trial (ECF 60), and Defendant filed a Response on January 22, 2019 (ECF 62).  The Bill of Costs was filed on January 10, 2019 (ECF 61), to which Plaintiff filed Exceptions/Objections on January 25, 2019 (ECF 63).  Defense counsel, John J. Coyle, withdrew his appearance in this matter on January 28, 2019 (ECF 64).

---

[2] A transcript of the September 13 hearing was not ordered, and Plaintiff does not discuss the hearing in the Motion.  The Court refers to Defendant's account of the hearing and the Court's notes as accurate.

[3] Plaintiff, to the Court's knowledge, has not made any effort to order a trial transcript and does not offer any excuse for the failure to do so, as required by Local Rule of Civil Procedure 7.1(e). Nor has Plaintiff cited the Electronic Sound Recordings ("ESR") of the trial, which are docketed and accessible to any PACER subscriber pursuant to Local Rule 5.1.2(16)(B)(6).  Pursuant to Local Rule 7.1, this Court may dismiss Plaintiff's motion for lack of prosecution.  Though Local Rule 7.1 does not address the availability of ESR, this Court would have considered Plaintiff's references to ESR as an alternative to a paper transcript.  Instead, the Court refers to Defendant's summary of the evidence presented and the Court's notes, which provide a more accurate description of the facts than Plaintiff's brief.

## IV. Legal Standard

Federal Rule of Civil Procedure 59 allows a district court, after conducting a jury trial, to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 50(a)(1)(A). However, a court "should do so only when the great weight of the evidence cuts against the verdict and . . . a miscarriage of justice would result if the verdict were to stand." Leonard v. Stemtech Int'l Inc., 834 F.3d 376, 386 (3d Cir. 2016) (citation and internal quotation marks omitted); see also K.R. v. Sch. Dist. of Phila., No. 06-2388, 2008 WL 5397533, at *2 (E.D. Pa. Dec. 26, 2008) (Baylson, J.) (quoting Lind v. Schenley Indus., Inc., 278 F.2d 79, 90 (3d Cir. 1960) (en banc) ("Such an endeavor [of granting a new trial] is not, however, lightly undertaken, because it necessary 'effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of facts.'")). "The decision to grant or deny a new trial is confided almost entirely to the discretion of the trial court." Blancha v. Raymark Indus., 972 F.2d 507, 512 (3d Cir. 1992).

Where a motion seeks a new trial because the verdict is against the weight of the evidence, "[a] new trial . . . [is] proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Marra v. Phila. Hous. Auth., 497 F.3d 286, 309 n.18 (3d Cir. 2007) (quoting Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991)).

"When a motion for a new trial is based on an alleged error involving a matter within the sound discretion of the trial court, such as the court's evidentiary rulings . . ., the trial court has wide discretion in ruling on the motion." St. Paul Fire & Marine Ins. Co. v. Nolen Grp., Inc., Nos. 02-8601, 03-3192, 03-3651, 2007 WL 2571524, at *15 (E.D. Pa. Aug. 31, 2007) (Pratter, J.) (citing

Griffiths v. CIGNA Corp., 857 F. Supp. 399, 410 (E.D. Pa. 1994) (VanArtsdalen, J.)); see also Klein v. Hollings, 992 F.2d 1285, 1289–90 (3d Cir. 1993) ("[T]he district court's latitude on a new trial motion is broad when the reason for interfering with the jury verdict is a ruling on a matter that initially rested with the discretion of the court, *e.g.* evidentiary rulings . . . .").

In determining whether to grant a new trial, a district court must "view[] the evidence in the light most favorable to the non-movant and giv[e] it the advantage of every fair and reasonable inference." Student Doe 1 v. Lower Merion Sch. Dist., No. 09-2095, 2010 WL 11558073, at *1 (E.D. Pa. Aug. 19, 2010) (Baylson, J.) (quoting Eddy v. V.I. Water & Power Auth., 369 F.3d 227, 230 (3d Cir. 2004) (citation and internal quotation marks omitted)).

## V. Discussion

Plaintiff contends that the motion for a new trial must be granted for three reasons: (1) the jury's answer of "No" to Question 3, which asked whether Defendant assaulted Plaintiff, was against the weight of the evidence; (2) the DHS Report, which concluded that child abuse charges were "Unfounded," was improperly admitted; and (3) Dr. Mechanick's expert testimony was based on inadmissible witness statements and was unduly prejudicial. (Mot. at 2, 7.)

### A. Answer to Question 3 Was Not Against Weight of the Evidence

Plaintiff first argues that the jury's answer of "No" to Question 3 was against the weight of the evidence because Defendant admitted that he intentionally pointed his finger at Plaintiff, poking Plaintiff in the eye, without justification. (Id. at 2.) The Court disagrees that this is an accurate version of the testimony.

The Court declines to grant a new trial based on the weight of the evidence because doing so would require the Court to "improperly substitute [its] 'judgment of the facts and the credibility of the witnesses for that of the jury.'" Ward v. Wexford Health Sources, Inc., No. 14-6984, 2016

WL 7335350, at *4 (E.D. Pa. Jan. 5, 2016) (Kearney, J.) (quoting Williamson, 926 F.2d at 1352).

Here, there was evidence which supported the jury's determination that Defendant did not assault Plaintiff. The jury's verdict reflects a finding against Plaintiff's credibility. As Defendant notes, the jury was presented with testimony from eyewitnesses who stated that they did not believe Defendant intended to harm Plaintiff. (Resp. at 4.) The record does not demonstrate that the jury's answer to Question 3 resulted in a miscarriage of justice. Rather, based on the Court's recollection of trial testimony, the overwhelming weight of the evidence favored Defendant. Plaintiff's motion for a new trial based on this issue will be denied.

### B. Admissibility of DHS Report

Next, Plaintiff contends that the admission of the DHS Report was unduly prejudicial to Plaintiff and had little probative value. (Mot. at 2.) According to Plaintiff, the testimony of DHS worker Shakira Fields and the DHS Report about which she testified had little probative value because Ms. Fields remembered very little about her investigation of the altercation between Plaintiff and Defendant. (Id.)

The Court ruled that the DHS Report was admissible after holding a pre-trial hearing and reviewing the Plaintiff's Motion in Limine and Defendant's response thereto. During the pre-trial hearing, the Court invited Plaintiff to submit a proposed limiting instruction on the DHS Report, and Plaintiff failed to do so. The Court's ruling was within the sound discretion of the Court, and so the Court declines to grant a new trial on this basis.

### C. Expert Testimony

Finally, Plaintiff avers that Dr. Mechanick's expert testimony was based on inadmissible witness statements and was unduly prejudicial. (Id. at 4.) Plaintiff contends that Dr. Mechanick should not have been permitted to offer a "very detailed" description of witness statements, which

6

constituted inadmissible hearsay, because Dr. Mechanick testified that he does not usually rely on statements from independent witnesses in his clinical psychiatric practice. (Id.)

Defendant does not contest that the witness statements were hearsay. Rather, Defendant contends that Federal Rule of Evidence 703 permitted Defendant to introduce these statements through Dr. Mechanick because Dr. Mechanick relied on these statements in forming his opinion. (Resp. at 6–7.) According to Defendant, Dr. Mechanick's testimony[4] comports with Rule 703 because, as a forensic examiner, he regularly relies on witness statements in forming an opinion. (Id.)

As an initial matter, Plaintiff did not object to Dr. Mechanick's testimony at trial. (Id. at 6.)[5] Therefore, Plaintiff has waived any right to raise this objection in the instant motion. See Ries v. CSX Transp., Inc., No. Civ.A. 96-3325, 2000 WL 377509, at *3 (E.D. Pa. Mar. 29, 2000) (O'Neill, J.) (citing Fed. R. Evid. 103(a)) (concluding that the defendant waived any right to argue post-trial that the plaintiff's expert lacked requisite qualifications and specialized knowledge because the defendant failed to raise that objection at trial)).

Even if Plaintiff had objected to Dr. Mechanick's testimony at trial, Dr. Mechanick's reliance on witness statements in forming his opinion does not warrant a new trial. The Court agrees with Defendant that Plaintiff misinterprets Rule 703. Rule 703 authorizes an expert witness

---

[4] Defendant cites an excerpt of Dr. Mechanick's deposition transcript, which Defendant "believes . . . was played to the jury" in its entirety. (Resp. at 7 n.3.) Dr. Mechanick testified in his deposition, "In a clinical realm, if a patient presents to my office, he or she usually doesn't typically bring a folder of records to review. Sometimes they do bring records. If they do, I will certainly review them, and at times I may request records from other treatment providers, but my relationship is different. As a treatment provider, I'm there to treat and hopefully help my patients. As a forensic exami[ner], I'm there to provide an independent psychiatric opinion regarding a particular matter." (Resp. at 7.) Without the benefit of a trial transcript or Plaintiff's references to ESR, the Court considers this excerpt to accurately reflect Dr. Mechanick's trial testimony in ruling on Plaintiff's motion.

[5] The Court refers to Defendant's factual account of the trial as accurate.

to base his or her opinions on otherwise inadmissible hearsay if it is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. It is reasonable for an expert in clinical psychiatry, such as Dr. Mechanick, to rely on witness statements in forming his opinion. Moreover, Plaintiff has not explained how the admission of Dr. Mechanick's testimony was unduly prejudicial. Therefore, Plaintiff's motion shall be denied.

## VI.    Conclusion

For the foregoing reasons, Plaintiff's Motion for a New Trial will be denied. An appropriate Order follows.

O:\CIVIL 17\17-4463 C.T. v Delaplaine McDanieL Sch\17cv4463 Memo re New Trial.docx